**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SARA HERRMANN**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **CIV. ACT. NO.  1:24-cv-174-TFM-N** |
| | ) |
| **JODIE NATA**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion to Dismiss (12(b)(6)) First Amended Complaint by Hayden Sizemore* (Doc. 28, filed October 28, 2024) in which Defendant Hayden Sizemore motions the Court, pursuant to Fed. R. Civ. P. 12(b)(6), dismiss the claims that are brought against her by Plaintiffs Sara Herrmann and Melissa Hera.  Having consider the motion, response, reply, and relevant law, the Court finds the motion to dismiss (Doc. 28) is due to be **GRANTED**.

## I.      JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question).

The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.  The district court has personal jurisdiction over the claims in this action because the events that gave rise to this action are alleged to have occurred within this judicial district.  *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint . . . .  General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated.  The

due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state.").

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that gave rise to this litigation occurred in this judicial district.

## II.    BACKGROUND

### A.    Factual Background[1]

Plaintiff Sara Herrmann ("Herrmann") is the daughter of Plaintiff Melissa Hera ("Hera"). Doc. 22 at 27. Defendant Jodie Nata ("Nata") was the director of the Alabama Department of Human Resources in Conecuh County, Alabama ("the Conecuh County ADHR"). *Id.* Defendant Stephanie Paul ("Paul") was employed in management with the Conecuh County ADHR and was assigned as a case worker to Hera and Herrmann. *Id.* Defendant Hayden Sizemore ("Sizemore") was appointed as a guardian ad litem ("GAL") for Herrmann. *Id.* at 28.

In October 2021, Herrmann moved to Conecuh County, Alabama from Michigan, where her alcoholic father lived. *Id.* at 4. Michigan's Children's Protective Services contacted the Conecuh County ADHR to confirm Herrmann's status. *Id.* However, Nata persuaded Hera to file

---

[1] The facts presented in the "Factual Background" section of this Memorandum Opinion and Order are based on the factual allegations that are contained in the Amended Complaint (Doc. 22), which the Court must assume are true for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but may not be the actual facts. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *see also Cottone v. Jenne*, 326 F.3d 1352, 1355 & n.1 (11th Cir. 2003) ("Because we must accept the allegations of plaintiffs' amended complaint as true, what we set out in this opinion as 'the facts' for Rule 12(b)(6) purposes may not be the actual facts."). Since the motion to dismiss is filed by Defendant Hayden Sizemore and only requests the Court dismiss the claims against her, the Court will limit the factual background to the allegations that are relevant to her as well as those that provide context. Further, the Court notes, the factual allegations of the Amended Complaint are problematic for the Court to assimilate into a coherent factual description, given the poor drafting, but the Court has exerted its best effort to do so.

a "CHINS" (Child in Need of Supervision) petition and claim Herrmann was "beyond control" and "in need of supervision." *Id.*

On July 14, 2022, Nata, Sizemore, and the attorney for the Conecuh County ADHR met with Hera and it was communicated to her they approved the arrangement for her and her children, including Herrmann, to live with the father of one of her children, who was a registered sex offender. *Id.* at 9. The living arrangement was also approved by the Conecuh County Sheriff's Office. *Id.*

Nata submitted an affidavit in court, dated March 2, 2022, in which she stated Hera was "permitting a sex offender to live in the home with the minor child" and indicated Hera had been indicted for a felony for selling a car with a lien. *Id.* at 4, 5. In support of a Dependency Petition that was to be filed by DHR, Paul submitted an affidavit in which she stated Hera had been indicted for a felony theft charge and had not been compliant, there was an "ongoing concern" about a teen caring for a toddler, Hera had a history "of sudden moves to avoid inquiry in their lives so the department is concerned they will flee when they learn of the filing," and other false statements. *Id.* at 6. On April 13, 2022, the relevant court issued an Order that described a hearing that occurred on March 7, 2022, for which "all necessary and proper parties were given notice" and listed Hera, Nata, Sizemore, and "DHR counsel" as those present for the hearing. *Id.* at 5. However, Hera was not served notice of the hearing until March 17, 2022, and did not attend a hearing on the stated date. *Id.*

At some point in time, Herrmann was separated from her mother's care, custody, and management. *Id.* at 7. To coerce Herrmann to say Hera was either abusive or allowed other to abuse her, Nata told Herrmann she would be classified as a "level four runaway" and would be placed in a "psyche ward" with dangerous individuals. *Id.* at 7. Nata also offered Herrmann

certain things to cooperate in her campaign against Hera. *Id.* at 8. Nata also solicited Herrmann's friends and others to make statements against Hera. *Id.* at 7.

At some point in time, Nata arranged to send Herrmann to Laurel Oaks Behavioral Health Center, Inc. ("Laurel Oaks"), which is also named as a defendant in this matter, where she was beaten and suffered an aneurism for which she required brain surgery that was performed in July 2022. *Id.* at 8. After Herrmann completed the treatment that was related to her surgery, she was placed with a foster family. *Id.* At some point while Herrmann was at Laurel Oaks, Nata and Sizemore contacted the facility and claimed Herrmann's injuries were self-inflicted and any of her claims to the contrary should not be believed. *Id.* at 30. Specifically, Nata and Sizemore informed staff at Laurel Oaks Herrmann crammed a screwdriver in her ear on purpose. *Id.*

Nata and, now, Sizemore continued to communicate threats to Herrmann. *Id.* at 28. Sizemore told Herrmann to lie about her mother, Hera, and say Hera abused and neglected her and Hera's other children or Hera allowed others to abuse the children. *Id.* Sizemore told Herrmann, if she was willing to lie about Hera, incentives would be available to her, including access to a car, her boyfriend, and college. *Id.* at 28-29. Sizemore told Herrmann if she was not willing to lie, she would be classified as a runaway, sent to a mental health facility, and classified within the facility to place her with dangerous people who may harm her, a threat that was also made by Nata to Herrmann. *Id.* at 29.

Herrmann then left Alabama to return to Michigan to live with her father, and while there, she was molested by her uncle and impregnated. *Id.* at 8-9.

On June 8, 2022, Sizemore filed a motion to alter, amend, or vacate a June 8, 2022 Order from the relevant court that removed restrictions on Hera from contacting Herrmann. *Id.* at 30. In Sizemore's motion, she represented to the relevant court "the mother had been attempting to

influence the child's testimony" and Hera had conspired with Herrmann to help Herrmann escape from a group home, the Weldy Home. *Id.* at 31. On June 9, 2022, Sizemore filed an *ex parte* motion with the relevant court, which in turn, entered an Order that granted "[t]he GAL [Sizemore] shall have sole discretion to determine when and if any telephonic communications may occur." *Id.* On the same date, Sizemore filed with the relevant court an *ex parte* motion to suspend visitation. *Id.* In one of the June 9, 2022 *ex parte* motions, Sizemore claims "the mother [Hera] is intentionally interfering to intimidate, coerce, and/or prohibit the child from disclosing information and/or testifying against the motion and/or her associates." *Id.* at 31-32.

### B.    Procedural Background

Hera and Herrmann (collectively, "Plaintiffs") originally filed their Complaint with this Court on May 29, 2024, in which they brought claims against Defendant Bernadette Dees ("Dees"), Nata, Paul, Sizemore, and Laurel Oaks for civil rights violations, pursuant to 42 U.S.C. § 1983, conspiring to interfere with civil rights, pursuant to 42 U.S.C. § 1985, and negligent and wanton supervision. Doc. 1. Laurel Oaks, Dees, Nata, and Paul each filed separate answers. Docs. 6, 15, 19, 20.

On October 7, 2024, Plaintiffs filed an Amended Complaint in which they bring the following claims: "Count One and Two: Plaintiffs Herrmann and Hera Cause of Action Against Jody Nata Pursuant to 42 U.S.C. § 1983," "Count Three and Four: Plaintiff (*sic*) Hermann (*sic*) and Hera Against Stephanie Paul – 42 U.S.C. § 1983," "Count Five and Six: Plaintiffs Hermann (*sic*) and Hera Against Bernadette Dees," "Count Seven: Plaintiff Hermann (*sic*) Against Laurel Oaks Negligent and Wanton Supervision of Plaintiff Hermann (*sic*)," and "Count Eight: Plaintiff (*sic*) Hermann (*sic*) and Hera Against Defendants Jody Nata, Stephanie Paul, and Hayden Sizemore Pursuant to 42 U.S.C. § 1985." Doc. 22. The first paragraph that follows each of the

count headings in the Amended Complaint contains the following statement as part of a jurisdiction analysis: "This is a civil rights action in which the Plaintiff (*sic*) seeks relief for the violation of their rights secured by 42 USC § 1983, § 1985, and § 1988, the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* Laurel Oaks, Dees, Nata, and Paul each filed separate answers. Docs. 24, 25, 26, 27. On October 28, 2024, Sizemore filed the instant motion to dismiss (Doc. 28) for which the Court entered a briefing schedule (Doc. 29). Plaintiffs and Sizemore timely filed their respective response (Doc. 31) and reply (Doc. 32) to the motion to dismiss. The motion to dismiss is ripe for review, and the Court finds oral argument unnecessary to resolve the motion.

### III.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Since a Fed. R. Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., Gaubert*, 499 U.S. at 327; *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012)[2] (citing, among other cases, *Lawrence,* 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto." *Thaeter v. Palm Beach Cnty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P.] 12(b)(6) purposes.").

## IV.    DISCUSSION AND ANALYSIS

Sizemore makes several arguments in support of her motion to dismiss: (1) Plaintiffs fail to allege either necessary class or race-based animus or an obstruction of justice to sufficiently plead a claim for violation of 42 U.S.C. § 1985(2); (2) Plaintiffs fail to allege class or race-based

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); see also Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

animus to sufficiently plead a claim for violation of 42 U.S.C. § 1985(3)[3]; and (3) Plaintiffs fail to allege facts from which a conspiracy may be inferred.  Doc. 28.

In response, Plaintiffs argue they have alleged Nata, Paul, and Sizemore conspired together in violation of 42 U.S.C. § 1985, and specifically as to Sizemore, she is alleged to have extorted false testimony from Herrmann to interfere with Hera's parental rights, used her position as a GAL to influence court orders to the detriment of Plaintiffs, threatened Herrmann to extort false information about Hera, conspired with others to lead Hera to believe she could live with the father of one of her children who was a registered sex offered then accused her of abuse for doing so, and told staff at Laurel Oaks false information about Herrmann.  Doc. 31.  Further, Plaintiffs emphasize the claim brought against Sizemore, Count Eight, states they seek relief for civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  *Id.* at 4.  However, Plaintiffs concede they have not alleged either race or class-based discrimination to sufficiently plead a claim for violation of 42 U.S.C. § 1985.  *Id.*

In reply, Sizemore argues Plaintiffs' argument that they have alleged a claim pursuant to 42 U.S.C. § 1983 because of the paragraph that immediately follows Count Eight, in which they state they seek relief pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution despite the heading for Count Eight that states a violation of only 42 U.S.C. § 1985, would render the Amended Complaint a shotgun pleading.  Doc. 32 at 2-4.  Sizemore also argues, even if Plaintiffs have alleged against her a violation of 42

---

[3] The title for this subsection of Sizemore's argument, "Amended Complaint Fails to Allege Race or Class-based Animus Required by § 1983(3)," includes an error that the argument pertains to 42 U.S.C. § 1983(3), but the body of the subsection clarifies Sizemore's argument is directed to 42 U.S.C. § 1985(3).

U.S.C. § 1983, their claim fails because they did not properly allege she was a government actor. *Id.* at 4-5.

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, internal quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir.

2018).[4]  Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]"  *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).  There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1321-23.

The Court agrees with Sizemore's argument that, to accept Plaintiffs' argument that they have brought a 42 U.S.C. § 1983 claim against Sizemore based on the introductory catch-all paragraph that immediately follows the heading for Count Eight, would render the Amended Complaint a shotgun pleading.  Such a pleading would be the third and fourth types of shotgun pleadings that are proscribed by the Eleventh Circuit in *Weiland*, a pleading that "commits the sin of not separating into a different count each cause of action or claim for relief" and a pleading that commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1322-23.

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

Normally, under the circumstances that are presented in this matter, and if the Court accepted Plaintiffs' argument that it intended to bring a 42 U.S.C. § 1983 claim against Sizemore, the Court would dismiss Plaintiffs' Amended Complaint as a shotgun pleading and allow them one opportunity to remedy the deficiencies contained therein.  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." (citation and internal quotation marks omitted)).  However, such an amendment would be futile since Sizemore is not a state actor for purposes of a 42 U.S.C. § 1983 claim.

"The court should freely give leave [for a party to amend its pleading] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (quoting *Maynard v. Bd. of Regs. Of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342, F.3d 1281, 1287 (11th Cir. 2003)).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendants."  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

"To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law-element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (citation and internal quotation marks omitted).

Previously, this circuit set forth the three primary tests the Supreme Court has used to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor [ ] to sustain a section 1983 claim.

*Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (quoting *Nat'l Broad. Co., Inc. ("NBC") v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvy v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Here, Sizemore is alleged to have acted as a guardian ad litem for Herrmann, which is the only discernable state-actor nexus for Sizemore. Doc. 22 at 28. A guardian ad litem is "a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party." *Guardian*, BLACK'S LAW DICTIONARY (12th ed. 2024). The Eleventh Circuit, in an unpublished opinion, has found a private attorney does not act under color of state law when they "engage[s] in the state-court process and obtain[s] court orders." *Yeh Ho v. Sabocik*, 775 F. App'x 551, 554 (11th Cir. 2019) (citing *Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process.")). Plaintiffs have not alleged any other additional control by the state over Sizemore's alleged acts that would transform those private acts into those contemplated by 42 U.S.C. § 1983.

Therefore, Sizemore's motion to dismiss is due to be granted.

## V.    CONCLUSION

Accordingly, the Motion to Dismiss (12(b)(6)) First Amended Complaint by Hayden Sizemore (Doc. 28) is **GRANTED**, and the claims against Defendant Hayden Sizemore are **DISMISSED with prejudice**.

**DONE** and **ORDERED** this 18th day of August 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE