IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SARA HERRMANN, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:24-00174-TFM-N |
| | ) |
| JODIE NATA, *et al.*, | ) |
|     Defendants. | ) |

### ORDER

This civil action is before the Court on the "Motion to Quash" filed July 1, 2025, by non-parties the Conecuh County (Alabama) Juvenile Court and the judge of that court, Clinton H. Hyde (collectively, "the Movants") (Doc# 49).[1] In accordance with the Court's briefing schedule (Doc# 51), the Plaintiffs and issuers of the challenged subpoena, Sara Herrmann and Melissa Hera, filed a response in opposition (Doc# 55) to said motion, and the Movants timely filed a reply (Doc# 57) to the response. The motion is now under submission and ripe for disposition.

### I.  *Analysis*

The Plaintiffs issued a subpoena dated April 25, 2025, commanding the Movants to produce the following for inspection and copying, or alternatively provide copies of same to the Plaintiffs' counsel in Baldwin County, Alabama.

1. Any and all audible or inaudible recordings and/or transcripts of those recordings of any Dependency hearing of or concerning Melissa Hera,

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/2/2025 electronic reference notation).

Annabelle Stewart and/or Harold Hera, Jr. held in the Juvenile Court of Conecuh County, Alabama.

2. Any and all audible or inaudible recordings and/or transcripts of recordings of any and all hearings of or concerning Melissa Hera, Annabelle Stewart and/or Harold Hera, Jr. held in the Juvenile Court of Conecuh County, Alabama.

(Doc# 49-1).

The Movants have moved to quash or modify that subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(iii) and (iv),[2] which provide that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies[,] or (iv) subjects a person to undue burden."[3]

### a.  Rule 45(d)(3)(A)(iii)—Privileged or Other Protected Matter

---

[2] Because Conecuh and Baldwin Counties are both located within this judicial district, *see* 28 U.S.C. § 81(c)(2), the present motion to quash was properly filed with this Court. *See* Fed. R. Civ. P. 45(d)(3) (granting "the court for the district where compliance is required" the power to quash or modify a subpoena).

[3] In their response, the Plaintiffs complain that "the movants did not engage in any meaningful effort to resolve the purported issues prior to seeking judicial intervention." (Doc# 55, PageID.514). Notably, the Plaintiffs' response gives no indication that they made any effort to reach out to the Movants to attempt informal resolution of the matter after the present motion was filed, nor does it propose any compromise position. Regardless, while informal pre-motion attempts at resolution are encouraged, unlike with motions to compel under Rule 37(a), or motions for protective order under Rule 26(c), nothing in Rule 45 requires a movant to attempt to informally resolve a dispute over a subpoena prior to bringing a motion to quash. While the Court's Federal Rule of Civil Procedure 16(b) scheduling order applies pre-motion conferencing requirements to Rule 45(c) motions, it expressly limits that requirement to "any motion *by a party*…" (Doc# 37, PageID.440). Accordingly, the undersigned will not penalize the Movants for not doing something that was not required of them.

In arguing that the subject subpoena should be quashed or modified for requiring disclosure of "privileged or other protected matter," the Movants rely on Code of Alabama § 12-15-133, which provides that certain enumerated "records, reports, and information acquired or generated in juvenile courts concerning children shall be confidential and shall not be released to any individual, department, agency, or entity, except as provided elsewhere in this section…" Ala. Code § 12-15-133(a). But the mere fact that § 12-15-133 protects certain material from disclosure does not render that material "privileged" for purposes of the Federal Rules of Civil Procedure. "[T]he existence of a [state] statute prohibiting disclosure does not, by itself, give rise to a federal privilege. Federal evidentiary privileges in federal question litigation arising in federal court"—such as this case (see Docs# 1, 22)—"are governed by federal law, and a state evidentiary privilege does not automatically give rise to a federal evidentiary privilege. And while federal courts are empowered by Federal Rule of Evidence 501 to recognize new federal privileges arising from state law, they generally are hesitant to do so." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1336 (11th Cir. 2020) (citation omitted).

Indeed, "there is a presumption against [recognizing new] privileges [under Federal Rule of Evidence 501] which may only be overcome when it would achieve a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Adkins v. Christie*, 488 F.3d 1324, 1328 (11th Cir. 2007) (quotation omitted). "This is a high standard, and only the most compelling candidates will overcome the law's weighty dependence on the availability of

3

relevant evidence." *Id.* (quotation omitted). And more generally, "[w]hoever asserts privilege has a burden of proof when information subject to a subpoena is withheld on that claim of privilege." 9A Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2463.1 (3d ed. (electronic), last updated May 21, 2025). *See also Texas Brine Co., LLC & Occidental Chem. Corp.*, 879 F.3d 1224, 1230 nn.6-7 (10th Cir. 2018) ("[A]s the one asserting attorney-client privilege [in a motion to quash], Texas Brine has the burden to show the documents are privileged…Even an attorney subpoenaed to produce documents would have to do more than assert a blanket claim of privilege to succeed in its motion to quash."). The Movants have cited no authority, and the undersigned is not aware of any, recognizing § 12-15-133 as giving rise to a "federal privilege," nor have the Movants in any way attempted to argue that either should.

However, as the *Jordan* panel recognized, "the text of Rule 45(d)(3)(A)(iii) indicates that the protection of that specific provision extends beyond the strict bounds of 'privileged' information to encompass 'other protected matter.'" 947 F.3d at 1336. The panel noted that "caselaw has not fleshed out the definition of the term 'other protected matter,'" but ultimately declined to do any fleshing out of its own, affirming the district court's decision to quash the subject subpoena on other grounds. *Id.* Nevertheless, the panel noted that "there are certainly sound arguments…sufficient to prompt consideration whether [a matter] safeguarded by a state statute forbidding disclosure…constitutes 'other protected matter[]'" in some circumstances. *Id.*

The Plaintiffs have not argued that material protected by § 12-15-133(a) does not constitute "privileged or other protected matter" for purposes of Rule 45(d)(3)(A)(iii). Nevertheless, even assuming it can be, the Movants have, though perhaps unintentionally, disclaimed § 12-15-133(a)'s protection over the sought material in their reply. In response to the present motion, the Plaintiffs argue that they meet confidentiality exceptions set out in § 12-15-133(c), which lists certain persons and organizations to whom, "[s]ubject to applicable federal law, the records, reports, and information described in subsection (a) shall be open to inspection and copying…, under the specified circumstances…[4] In reply, the Movants argue that the Plaintiffs cannot rely on § 12-15-133(c) because "transcripts and recordings are not in the 'information described in subsection (a).'" (Doc# 57, PageID.522). If that is true, however, then juvenile court transcripts and recordings would not be confidential under § 12-15-133(a); as such, there would be no reason for the Plaintiffs to show entitlement to <u>any</u> exception under § 12-15-133 in order to access those materials. Given the separate protections for recordings and transcripts of juvenile court proceedings provided by Alabama Rule of Juvenile Procedure 20, *see infra*, the argument that such materials are not covered by § 12-15-133(a) is at least plausible. Therefore, for present purposes the undersigned accepts the Movants' concession

---

[4] In their opening brief, the Movants argue that the Plaintiffs have not shown "a legitimate need for access" to the requested information in order to meet the confidentiality exception in § 12-15-133(d). (*See* Doc# 49, PageID.496). However, as the Plaintiffs correctly point out, that subsection would not grant them relief even if they could make such a showing, since it can only be utilized by "a prosecutor representing the State of Alabama, department, entity, or agency." Ala. Code § 12-15-133(d).

5

that recordings and transcripts of juvenile court proceedings are not "'information described in," and thus are not made "privileged" or "protected" by, § 12-15-133(a).[5]

For the first time in their reply, the Movants also argue that the Plaintiffs are trying to "get around" Alabama Juvenile Rule 20, which states that recordings of juvenile court proceedings "shall not be released except for the following purposes: (1) In the event of an appeal[; or] (2) [u]pon written order of the juvenile court judge, which shall include a specific finding that good cause exists for the creation and release of a transcript of the proceedings." Ala. R. Juv. P. 20(A). Raising arguments for the first time in a reply brief is highly disfavored, deprives non-movants of an opportunity to address them, and generally results in waiver or forfeiture of those arguments. *E.g.*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005); *Ceccanti v. Thomas*, No. 1:21-CV-195-TFM-MU, 2023 WL 4317649, at *7 (S.D. Ala. May 9, 2023) (Moorer, J.). However, given the state interests implicated by Alabama Juvenile Rule 20, the undersigned will give the Movants an opportunity to more fully address this issue in a second motion to quash, *see infra*.

---

[5] Even if juvenile court recordings and transcripts are protected by § 12-15-133(a), Plaintiff Melissa Hera, at least, appears entitled, under § 12-15-133(c), to inspect and copy recordings and transcripts of hearings of which she, Annabelle Stewart, or Harold Hera, Jr. was the subject. "[T]he subject of the proceedings" is entitled to inspect and copy § 12-15-133(a) material related to those proceedings. Ala. Code § 12-15-133(c)(4). Moreover, Melissa Hera represents in her response—without any pushback from the Movants in their reply—that she "is the natural mother of Annabelle Stewart and Harold Hera, Jr., and her parental rights have not been terminated…" (Doc # 55, PageID.516). Thus, she would also be able to access transcripts and recordings of hearings involving her children. *See* Ala. Code § 12-15-133(c)(3) (granting access to information described in § 12-15-133(a) to "[t]he parent, except when parental rights have been terminated…").

### b.  Rule 45(d)(3)(A)(iv)—Undue Burden

> The undue burden analysis requires the court to "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019). Several factors have been identified as pertinent to the analysis, including the "relevance of the information requested" to the underlying litigation and the "burden [that would be] imposed" by producing it. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry. *See id.* ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.").

*Jordan*, 947 F.3d at 1337 (citation to district court opinion omitted).

"Under Rule 45(d)(3)(A)(iv) the burden to establish that a subpoena duces tecum imposes an undue burden is on the person who moves to have it quashed." *Fed. Prac. & Proc. Civ.* § 2463.1. *Accord Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." (quotation marks and footnote omitted)). A "person cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena." *Fed. Prac. & Proc. Civ.* § 2463.1.

Considered by themselves, the Movants' opening arguments as to "undue burden" are perfunctory and largely unconvincing. The Movants' reply brief (Doc# 57) provides much more detail about how Conecuh County Juvenile Court hearing recordings are (or at least have been) stored, and the process needed to search them

for responsive recordings. These assertions, if true, more plausibly support a claim of "undue burden." However, as with the Movants' arguments regarding Juvenile Rule 20, the Plaintiffs have not had an opportunity to address these additional claims of "undue burden" because they were raised for the first time in reply. Moreover, the Movants have not provided any evidence to support the representations regarding the processes for storing and searching juvenile court hearing recordings, such as an affidavit or 28 U.S.C. § 1746 declaration from Judge Hyde or another juvenile court employee. Given it is the Movants' burden to prove that the subject subpoena imposes "an undue burden," the undersigned hesitates to rely on their representations made in an unsworn brief submitted for the first time in reply. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("a sentence in an unsworn brief is not evidence"). However, since the Movants are already being permitted to file a second motion to quash so that both sides may more fully address the implications of Juvenile Rule 20, *see supra*, the Movants will also be permitted in that second motion to more fully argue and support their claims of "undue burden" raised in their reply brief (Doc# 57).[6]

---

[6] As an alternative to quashing, the Movants request that the Court "modify the subpoena to allow for the production of any juvenile records to be made under seal and confidentially to the parties upon a showing of substantial need for the records that cannot be otherwise be met without undue hardship; and ensuring that the Juvenile Court and Judge Hyde will be reasonably compensated pursuant to Rule 45(d)(3)(C)." (Doc# 49, PageID.496). The proposed condition that produced records "be made under seal and confidentially to the parties upon a showing of substantial need for the records that cannot be otherwise be met without undue hardship" appears derived from § 12-15-133(d). As noted above, § 12-15-133(d) is inapplicable to the Plaintiffs, the Movants have since conceded in reply that the material sought by the subpoena is not covered by § 12-15-133(a) anyway. As for the other proposed

8

## *II.   Conclusion*

In accordance with the foregoing analysis, the following is **ORDERED**:

1. The "Motion to Quash" filed July 1, 2025 (Doc# 49) is **DENIED**.

2. No later than **AUGUST 27, 2025**, the Movants may file a second motion to quash the subject subpoena (Doc# 49-1), limited to the following two issues:

    a. Whether Alabama Rule of Juvenile Procedure 20 renders the material sought by the subpoena "privileged or other protected matter" for purposes of Federal Rule of Civil Procedure 45(d)(3)(A)(iii); and

    b. Whether the allegations describing the keeping and searching of Conecuh County Juvenile Court hearing recordings set out in the Movants' reply brief (Doc# 57) support a finding that the subject subpoena would impose an "undue burden" on the Movants for purposes of Federal Rule of Civil Procedure 45(d)(3)(A)(iv). On this issue, any allegations of fact made by the Movants must be supported by an affidavit or 28 U.S.C. § 1746 declaration from Judge Hyde or another suitable juvenile court employee.

3. The Movants' obligation to comply with the subject subpoena is hereby **STAYED**. If no motion allowed by the preceding paragraph is timely filed, the stay shall dissolve without further court order, and the Movants shall fully respond to the subpoena no later than **SEPTEMBER 10, 2025**, unless the

---

modification conditions, the undersigned finds insufficient justification for them in the Movants' opening motion, but denies them without prejudice to the Movants' ability to show entitlement to them in the second motion to quash permitted by this order, should it be filed.

Plaintiffs agree to a later date. If such a motion is timely filed, the stay shall remain in effect pending disposition of that motion.

**DONE** and **ORDERED** this the **20th** day of **August 2025**.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**